1   MAYER BROWN LLP
2   ELIZABETH MANN (SBN 106524)
    emann@mayerbrown.com
3   350 South Grand Avenue, 25th Floor
4   Los Angeles, CA  90071-1503
    Telephone:  (213) 229-9500
5   Facsimile:  (213) 625-0248

6
    MAYER BROWN LLP
7   STANLEY J. PARZEN (*Pro Hac Vice Pending*)
8   sparzen@mayerbrown.com
    71 S. Wacker Drive
9   Chicago, IL  60606-4637
    Telephone:  (312) 782-0600
10  Facsimile:  (312) 701-7711

11  Attorneys for Defendant
12  CROWE HORWATH LLP

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16  LIQUIDATION TRUST,                    Case No. CV-10-8144 MMM (Ex)

17                  Plaintiff,             [~~PROPOSED~~] ORDER ON
                                           STIPULATED PROTECTIVE ORDER
18          v.
                                           Judge: Hon. Charles Eick
19  GROBSTEIN, HORWATH &                   Crtrm:
    COMPANY LLP, and CROWE
20  HORWATH LLP,                           Complaint filed:  September 15, 2010
                                           Complaint Removed:  October 28, 2010
21                  Defendants.            Trial Date:  Not Set

22

23

24

25

26

27

28

1

<u>ORDER</u>

2      The parties having entered into a Stipulated Protective Order providing the

3  terms and conditions for the confidentiality of evidence produced in this matter, a

4  copy of which is attached hereto as Exhibit A, and for GOOD CAUSE SHOWN,

5      IT IS SO ORDERED this _10th_ day of _November_, 2010.

6

7

8  _____
   The Honorable Charles Eick

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER; CASE NO. CV-10-8144 MMM (Ex)

28836308

# EXHIBIT A

1   MAYER BROWN LLP
    ELIZABETH MANN (SBN 106524)
2   emann@mayerbrown.com
    350 South Grand Avenue, 25th Floor
3   Los Angeles, CA 90071-1503
    Telephone: (213) 229-9500
4   Facsimile: (213) 625-0248

5   MAYER BROWN LLP
    STANLEY J. PARZEN (*Pro Hac Vice Pending*)
6   sparzen@mayerbrown.com
    71 S. Wacker Drive
7   Chicago, IL 60606-4637
    Telephone: (312) 782-0600
8   Facsimile: (312) 701-7711

9   Attorneys for Defendant
    CROWE HORWATH LLP

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  LIQUIDATION TRUST,                    Case No. CV-10-8144 MMM (Ex)

15              Plaintiff,                 [PROPOSED] STIPULATED
                                           PROTECTIVE ORDER
16      v.
                                           Judge: Hon. Charles Eick
17  GROBSTEIN, HORWATH &                   Crtrm:
    COMPANY LLP, and CROWE
18  HORWATH LLP,                           Complaint filed: September 15, 2010
                                           Complaint removed: October 28, 2010
19              Defendants.                Trial Date: Not Set

20

21

22

23

24

25

26

27

28

──────────────────────────────────────────────
        [PROPOSED] STIPULATED PROTECTIVE ORDER; CASE NO. CV-10-8144 MMM (Ex)

28836122

1       The Court recognizes that at least some of the documents and information
2   ("materials") being sought through discovery in the above-captioned action
3   ("Action") are, for competitive reasons, normally kept confidential by the parties.
4   The parties have agreed to be bound by the terms of this Protective Order ("Order")
5   in this action.
6       The materials to be exchanged throughout the course of the litigation between
7   the parties may contain trade secret or other confidential research, technical, cost,
8   price, marketing or other commercial information, as is contemplated by Federal
9   Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the
10   confidentiality of such materials as much as practical during the litigation.
11   THEREFORE:

## DEFINITIONS

12
13      1.   The term "Confidential Information" shall mean and include
14   information contained or disclosed in any materials, including documents, portions
15   of documents, answers to interrogatories, responses to requests for admissions, trial
16   testimony, deposition testimony, and transcripts of trial testimony and depositions,
17   including data, summaries, and compilations derived therefrom that is deemed to
18   be Confidential Information by any party to which it belongs. Each party shall act
19   in good faith in designating information as Confidential Information.
20      2.   The term "materials" shall include, but shall not be limited to:
21   documents; correspondence; memoranda; bulletins; blueprints; protocols; data
22   compilations; patent applications; specifications; customer lists or other material
23   that identify customers or potential customers; price lists or schedules or other
24   matter identifying pricing; minutes; telegrams; letters; statements; cancelled
25   checks; contracts; invoices; drafts; books of account; worksheets; notes of
26   conversations; desk diaries; appointment books; expense accounts; recordings;
27   photographs; motion pictures; compilations from which information can be
28   obtained and translated into reasonably usable form through detection devices;

1  sketches; drawings; notes (including laboratory notebooks and records); reports;

2  instructions; disclosures; other writings; presentations; business practices; models

3  and prototypes and other physical objects.

4       3.    The term "counsel" shall mean outside counsel of record, and other

5  attorneys, paralegals, secretaries, and other support staff employed in the law firms

6  who are counsel of record to the parties in this action.

7                              **GENERAL RULES**

8       4.    Each party to this Action that produces or discloses any materials,

9  answers to interrogatories, responses to requests for admission, trial testimony,

10  deposition testimony, and transcripts of trial testimony and depositions, or

11  information that the producing party believes should be subject to this Protective

12  Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL FOR

13  COUNSEL ONLY."

14            a.   Designation as "CONFIDENTIAL":  Any party may designate

15                 information as "CONFIDENTIAL" only if, in the good faith

16                 belief of such party and its counsel, the unrestricted disclosure

17                 of such information could be potentially prejudicial to the

18                 business or operations of such party.

19            b.   Designation as "CONFIDENTIAL - FOR COUNSEL ONLY":

20                 Any party may designate information as "CONFIDENTIAL -

21                 FOR COUNSEL ONLY" only if, in the good faith belief of

22                 such party and its counsel, the information is among that

23                 considered to be most sensitive by the party, including but not

24                 limited to trade secret or other confidential research,

25                 development, financial or other commercial information.

26       5.    In the event the producing party elects to produce materials for

27  inspection, no marking need be made by the producing party in advance of the

28  initial inspection.  For purposes of the initial inspection, all materials produced

                                        2

1   shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be

2   treated as such pursuant to the terms of this Order. Thereafter, upon selection of

3   specified materials for copying by the inspecting party, the producing party shall,

4   within a reasonable time prior to producing those materials to the inspecting party,

5   mark the copies of those materials that contain Confidential Information with the

6   appropriate confidentiality marking.

7        6.    Whenever a deposition taken on behalf of any party involves a

8   disclosure of Confidential Information of any party:

9             a.    said deposition or portions thereof shall be designated as

10                  containing Confidential Information subject to the provisions of

11                  this Order; such designation shall be made on the record

12                  whenever possible, but a party may designate portions of

13                  depositions as containing Confidential Information after

14                  transcription of the proceedings; a party shall have until fifteen

15                  (15) days after receipt of the deposition transcript to inform the

16                  other party or parties to this Action of the portions of the

17                  transcript designated "CONFIDENTIAL" or

18                  "CONFIDENTIAL - FOR COUNSEL ONLY;"

19            b.    the producing party shall have the right to exclude from

20                  attendance at said deposition, during such time as the

21                  Confidential Information is to be disclosed, any person other

22                  than the deponent, counsel (including their staff and associates),

23                  the court reporter, and the person(s) agreed upon pursuant to

24                  paragraph 8 below; and

25            c.    the originals of said deposition transcripts and all copies thereof

26                  shall bear the legend "CONFIDENTIAL" or

27                  "CONFIDENTIAL - FOR COUNSEL ONLY" as appropriate,

28                  and the original or any copy ultimately presented to a court for

3

28836122

1   filing shall not be filed unless it can be accomplished under

2   seal, identified as being subject to this Order, and protected

3   from being opened except by order of this Court.

4      7.   All Confidential Information designated as "CONFIDENTIAL" or

5   "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the

6   receiving party to anyone other than those persons designated herein and shall be

7   handled in the manner set forth below and, in any event, shall not be used for any

8   purpose other than in connection with this Action, unless and until such

9   designation is removed either by agreement of the parties or by the Court.

10     8.   Information designated "CONFIDENTIAL - FOR COUNSEL

11  ONLY" shall be viewed only by Counsel (as defined in paragraph 3) of the

12  receiving party, and by any expert or consultant employed by counsel of record

13  herein for the purpose of assisting in preparation for trial and/or trial of this Action,

14  regardless of whether or not disclosed as a testifying expert ("Experts"). Experts

15  may view the information so designated provided that (1) the Expert has no

16  ownership interest in any party in this litigation; and is not a competitor of any

17  party to this action; and is not a consultant for, or employed by any such a

18  competitor with respect to the subject matter of this Action; and, (2) the Expert

19  agrees in advance in writing that he or she has received and reviewed this

20  Protective Order and will comply with the provisions herein by signing the

21  Agreement attached hereto as Exhibit 1.

22     9.   Information designated "CONFIDENTIAL" shall be viewed only by

23  current employees of any Party, Counsel (as defined in paragraph 3) of the

24  receiving party and/or by Experts (as defined in paragraph 8).

25     10.   With respect to material designated "CONFIDENTIAL" or

26  "CONFIDENTIAL - FOR COUNSEL ONLY" any person indicated on the face of

27  the document to be its originator, author or a recipient of a copy thereof, may be

28  shown the same.

4

11. A document that contains or reveals Confidential Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

12. Confidential Information may be disclosed to official court reporters, stenographic reporters, videographers and their respective assistants who are engaged in such proceedings as are necessary for the preparation and trial of this Action.

13. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that Experts (as defined in paragraph 8) may retain custody of copies such as are necessary for their participation in this Action.

14. In any filing or other submission to the Court in connection with this Action, Protected Confidential Material may be attached as exhibits or referred to, provided that prior to any such filing or submission, the receiving party provides the producing party with at least ten (10) calendar days written notice by fax, email, or hand delivery of the Receiving Party's intent to make such filing or submission, and said notice must specify by Bates Number the page or pages of material.

(a) *State Court Filing.* In response to receipt of a notice of intent to file Protected Confidential Material in state court, the producing party may seek an order to seal the Protected Confidential Material under Rules 2.550 and 2.551of the California Rules Of Court. Any such motion or application may be brought on shortened notice as an *ex parte* application pursuant to the local rules of court.

(b) *Federal Court Filing.* In response to a notice of intent to file confidential material, the producing party may seek an order to seal the confidential material under Local Rules 79-5.1 and 79-5.4 of the United States

5

28836122

1  District Court, Central District of California. The parties also may stipulate to such
2  an order. Any such motion or application may be brought on shortened notice as
3  an *ex parte* application pursuant to the local rules of this court.

4      15.    All Confidential Information shall be held in confidence by those
5  inspecting or receiving it, and shall be used only for purposes of this Action.
6  Counsel for each party, and each person receiving Confidential Information shall
7  take reasonable precautions to prevent the unauthorized or inadvertent disclosure
8  of such information. If Confidential Information is disclosed to any person other
9  than a person authorized by this Order, the party responsible for the unauthorized
10 disclosure must immediately bring all pertinent facts relating to the unauthorized
11 disclosure to the attention of the other parties and, without prejudice to any rights
12 and remedies of the other parties, make every effort to prevent further disclosure
13 by the party and by the person(s) receiving the unauthorized disclosure.

14     16.    No party shall be responsible to another party for disclosure of
15 Confidential Information under this Order if the information in question is not
16 labeled or otherwise identified as such in accordance with this Order.

17     17.    If a party, through inadvertence, produces any Confidential
18 Information without labeling or marking or otherwise designating it as such in
19 accordance with this Order, the designating party may give written notice to the
20 receiving party that the document or thing produced is deemed Confidential
21 Information, and that the document or thing produced should be treated as such in
22 accordance with that designation under this Order. The receiving party must treat
23 the materials as confidential, once the designating party so notifies the receiving
24 party. If the receiving party has disclosed the materials before receiving the
25 designation, the receiving party must notify the designating party in writing of each
26 such disclosure. Counsel for the parties shall agree on a mutually acceptable
27 manner of labeling or marking the inadvertently produced materials such as
28 ///

6

28836122

1   "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" -

2   SUBJECT TO PROTECTIVE ORDER.

3      18.   Nothing herein shall prejudice the right of any party to object to the

4   production of any discovery material on the grounds that the material is protected

5   as privileged or as attorney work product.  An inadvertent production of any

6   document that a producing party believes is immune from discovery pursuant to

7   any attorney-client privilege, attorney work product immunity or any other

8   privilege or immunity from production, shall not be deemed a waiver.  The

9   producing party may give written notice to all receiving parties that the document

10   or information inadvertently produced is privileged or otherwise protected.  Within

11   ten (10) days of receipt of such written notice, all receiving parties shall

12   immediately comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning

13   or destroying the original and all copies of the information, making their best

14   efforts to destroy those portions of summaries or notes pertaining to the

15   information identified as privileged and taking reasonable steps to retrieve the

16   information if the party disclosed it before being notified. If a receiving party

17   wishes to challenge the claim of privilege or protection, no later than ten (10) days

18   from receiving the notice, it must present the information, under seal, to the court

19   for a determination of the claim. The receiving party shall not rely upon the fact or

20   circumstances of the production of the information in challenging the claim of

21   privilege or protection. No person or party shall incur any liability hereunder for

22   any disclosure or filing of inadvertently disclosed documents when the disclosure

23   occurred before receipt of notice of the inadvertent disclosure.

24      19.   Nothing in this Order shall bar counsel from rendering advice to their

25   clients with respect to this Action and, in the course thereof, relying upon any

26   information designated as Confidential Information, provided that the contents of

27   the information shall not be disclosed.

28   / / /

28836122

20.     This Order shall be without prejudice to the right of any party to oppose production of any information on any other ground permitted by applicable law other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

21.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22.     Upon final termination of this Action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information (regardless of its format) to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Within 30 days of the termination of this Action, the receiving party shall certify in writing to the producing party that all confidential information, regardless of format or location, has been destroyed.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23.     The restrictions and obligations set forth herein shall not apply to any information that:  (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as

8

28836122

Case 2:10-cv-08144-MMM-E   Document 19   Filed 11/10/10   Page 13 of 17   Page ID #:396
Case 2:10-cv-08144-MMM -E   Document 17-1   Filed 11/10/10   Page 13 of 17   Page ID
#:378

1    a result of disclosure by the receiving party, its employees, or its agents in

2    violation of this Order; or (d) has come or shall come into the receiving party's

3    legitimate knowledge independently of the production by the designating party.

4    Prior knowledge must be established by pre-production documentation.

5        24.    The restrictions and obligations herein shall not be deemed to prohibit

6    discussions of any Confidential Information with anyone if that person already has

7    or obtains legitimate possession thereof.

8        25.    Confidential Information disclosed pursuant to this Order shall be

9    used by a receiving party solely for the purposes of this Action.  Confidential

10   Information disclosed pursuant to this Order shall not be used for any business or

11   competitive purposes.  It shall be the duty of each party and each individual having

12   notice of this Order to comply with its terms from the time of such notice.

13       26.    In the event that counsel for a party deems it necessary to disclose any

14   Confidential Information to any person not contemplated in the preceding

15   paragraphs, said counsel shall make a request to counsel for the producing party in

16   writing or on the record in a deposition or proceeding before the Court of the

17   Confidential Information sought to be disclosed, and shall attempt to reach

18   agreement regarding such disclosure. Nothing in this Order shall prevent disclosure

19   of such Confidential Information if the producing party consents, or if the Court,

20   after notice to all parties, orders such disclosure.  If agreement cannot be reached,

21   the party seeking to make the disclosure shall move the Court to rule as to whether

22   such disclosure may be made and whether any restrictions or limitations should be

23   placed on such disclosure. No disclosure shall be made until such motion is

24   decided in favor of the movant.

25       27.    In the event that a new party is added, substituted or brought in, this

26   Order will be binding on and inure to the benefit of the new party, subject to the

27   right of the new party to seek relief from or modification of this Order.

28   / / /

9

Case 2:10-cv-08144-MMM-E  Document 19  Filed 11/10/10  Page 14 of 17  Page ID #:397
Case 2:10-cv-08144-MMM -E  Document 17-1  Filed 11/10/10  Page 14 of 17  Page ID
#:379

1      28.   Non-parties who produce information in this Action may avail
2  themselves of the provisions of this Order.

3      29.   In the event that a producing party's Confidential Information is
4  sought from a receiving party by any person not a party to this Action, by
5  subpoena, by service with any legal process, by order or otherwise, prompt written
6  notice shall be given to the party who produced the Confidential Information. Such
7  notice shall include a copy of such subpoena, legal process or order. Any persons
8  seeking such Confidential Information who take action to enforce such subpoena
9  or other legal process shall be apprised of this Order.  Nothing herein shall be
10 construed as requiring anyone covered by this Order to contest a subpoena or other
11 process, to appeal any order requiring production of Confidential Information
12 covered by this Order or to subject itself to penalties for non-compliance with any
13 subpoena, legal process or order.

14     30.   Transmission by facsimile and/or e-mail is acceptable for all
15 notification purposes herein.

16     31.   This Order may be modified by agreement of the parties, subject to
17 approval by the Court.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

10

Case 2:10-cv-08144-MMM-E Document 19 Filed 11/10/10 Page 15 of 17 Page ID #:398
Case 2:10-cv-08144-MMM -E Document 17-1 Filed 11/10/10 Page 15 of 17 Page ID
#:380

1    The foregoing Order is agreed to and accepted as to both form and

2  substance.

3  Dated: November 10, 2010              MAYER BROWN LLP
                                          ELIZABETH MANN
4

5                                         By: /s/ Elizabeth Mann
6                                            Elizabeth Mann
                                          Attorneys for Defendant
7                                         CROWE HORWATH LLP

8  Dated: November 10, 2010              GARRETT & TULLY, P.C.

9

10                                        By: /s/ Efren A. Compean
11                                           Efren A. Compean
                                          Attorneys for Defendant
12                                        GROBSTEIN, HORWATH &
                                          COMPANY LLP

13  Dated: November 10, 2010             ABELSON HERRON LLP

14

15                                        By: /s/ Stephanie R. Lewis
16                                           Stephanie R. Lewis
                                          Attorneys for Plaintiff
17                                        LIQUIDATION TRUST

18

19

20

21

22

23

24

25

26

27

28
                                    11

1  MAYER BROWN LLP
   ELIZABETH MANN (SBN 106524)
2  emann@mayerbrown.com
   350 South Grand Avenue, 25th Floor
3  Los Angeles, CA  90071-1503
   Telephone:  (213) 229-9500
4  Facsimile:  (213) 625-0248

5  MAYER BROWN LLP
   STANLEY J. PARZEN (*To be Admitted Pro Hac Vice*)
6  sparzen@mayerbrown.com
   71 S. Wacker Drive
7  Chicago, IL  60606-4637
   Telephone: (312) 782-0600
8  Facsimile:  (312) 701-7711

9  Attorneys for Defendant
   CROWE HORWATH LLP

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  LIQUIDATION TRUST,                    Case No. CV-10-8144 MMM (Ex)

15              Plaintiff,                EXHIBIT 1 TO STIPULATED
                                          PROTECTIVE ORDER:
16       v.                               AGREEMENT TO BE BOUND BY
                                          PROTECTIVE ORDER
17  GROBSTEIN, HORWATH &
    COMPANY LLP, and CROWE
18  HORWATH LLP,

19              Defendants.               Judge:  Hon. Charles Eick
                                          Crtrm:
20                                        Complaint filed:  September 15, 2010

21

22

23

24

25

26

27

28

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER; CASE NO. CV-10-8144 MMM (Ex)

28836122

1    I, _____, declare and say that:

2      1. I am employed as

3    _____ by

4    _____

5    _____.

6      2. I have read the Protective Order entered in Liquidation Trust v. Grobstein,

7         Horwath & Company, LLP et al, CV-10-81444 MMM (Ex) and have

8         received a copy of the Protective Order.

9      3. I promise that I will use any and all "Confidential" or "Confidential - For

10        Counsel Only" information, as defined in the Protective Order, given to me

11        only in a manner authorized by the Protective Order, and only to assist

12        counsel in the litigation of this matter.

13     4. I promise that I will not disclose or discuss such "Confidential" or

14        "Confidential - For Counsel Only" information with anyone other than the

15        persons described in paragraphs 3, 8 and 9 of the Protective Order.

16     5. I acknowledge that, by signing this agreement, I am subjecting myself to the

17        jurisdiction of the United States District Court for the Southern District of

18        California with respect to enforcement of the Protective Order.

19     6. I understand that any disclosure or use of "Confidential" or "Confidential -

20        For Counsel Only" information in any manner contrary to the provisions of

21        the Protective Order may subject me to sanctions for contempt of court.

22   I declare under penalty of perjury that the foregoing is true and correct.

23   Date: _____

24

25                              _____

26

27

28

                                        1
                AGREEMENT TO BE BOUND BY PROTECTIVE ORDER; CASE NO. CV-10-8144 MMM (Ex)

28836122